UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
NOV 29 2016
U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSHUA SHANE DUFFY,<br><br>　　　　Defendant. | Cause No. 1:16-CR-857-WTL-TAB |

## INDICTMENT

The Grand Jury charges that:

### General Allegations for All Counts

At times material to these charges:

1. The Defendant, Joshua Shane Duffy (hereinafter "Duffy"), was a resident of Upland, Indiana, who was born in 1986.

2. **Coercion and Enticement (18 U.S.C. § 2422(b))**: Under the United States Code, it is unlawful for a person to use the mail or any facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, or attempt to do so. This statute incorporates both state and federal law in determining whether the underlying sexual activity is a criminal offense, including the federal law prohibiting the sexual exploitation of a child (18

1

U.S.C. § 2251(a)) and the Indiana law prohibiting sexual misconduct with a minor (IC 35-42-4-9(a)(1)).

3. **Sexual Exploitation of a Child (18 U.S.C. § 2251(a)):** Under the United States Code, it is also unlawful for a person to employ, use, persuade, induce, entice, or coerce any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

4. The term "minor" is defined as a person under the age of 18 years. 18 U.S.C. § 2256(1).

5. The term "visual depiction" is defined as to include undeveloped film and videotape, data stored on computer disk or by other electronic means which is capable of conversion into a visual image, and data which is capable

of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format. 18 U.S.C. § 2256(5).

6. **Sexual Misconduct with a Minor (Indiana Code 35-42-4-9)**: This Indiana statute prohibits sexual intercourse, other sexual conduct, and / or touching or fondling with the intent to arouse or satisfy sexual desires, between a person who is at least 18 years of age and a child who is 14 or 15 years old.

## Victims

7. The pseudonym "Minor Victim 1" represents a 15-year-old minor girl, who lived in the Southern District of Indiana.

8. The pseudonym "Minor Victim 2" represents a 14-year-old minor girl, who lived in in the Southern District of Indiana.

## The Defendant's Communications with Minors

9. The defendant repeatedly and separately communicated with two minors about engaging in sexual activity with him and producing child pornography using the following means:

    a. The email provider "Gmail";

    b. The web-based chat application "Snapchat";

    c. The mobile-based chat application "Kik"; or

    d. The mobile-based chat application "Whisper".

10. The defendant's online and cellular phone communications with Minor Victim 1 and 2 included the sending and receiving of text messages, the exchange of sexually explicit and nude videos or images of the minors, and voice calls between him and the minors.

11. During his communications with Minor Victim 1 and 2, the defendant knowingly attempted to persuade, induce, entice, and coerce Minor Victim 1 and 2 to engage in illegal sexual acts or activity. On at least 3 separate occasions, his efforts were successful.

12. First, in or about May of 2016, the defendant traveled to Minor Victim 1's residence in the Southern District of Indiana after gaining entry to her residence through a window. Minor Victim 1 told the defendant that she was only 15-years-old.

13. Later, on or about June 2, 2016, the defendant traveled to Minor Victim 1's residence once more and engaged in sexual acts with her, while this activity was recorded by a camera on a cellular phone.

14. Finally, in or about August of 2016, the defendant traveled to Minor Victim 2's residence in the Southern District of Indiana on multiple occasions, met her, and then engaged in a sexual act or conduct with her thereafter on at least two different occasions. Minor Victim 2 told the defendant that she was only 14-years-old.

15. Because Minor Victim 1 and 2 were under the age of 16 years, and because the defendant was over 30 years of age, the sexual activity and contact during these meetings between the defendant and Minor Victim 1 or 2 would constitute a violation of the Indiana law prohibiting sexual misconduct with a minor (IC 35-42-4-9(a)(1)).

16. **Production of Child Pornography:** During his communications with Minor Victim 1 and 2, the defendant also knowingly persuaded, induced, enticed, and coerced each of them to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct.

17. The defendant would discuss with Minor Victim 1 and 2 his desire to obtain from each of them images, videos or live transmissions of these minors engaging in sexually explicit conduct, either alone or with him.

18. The defendant would direct Minor Victim 1 and 2 to engage in sexually explicit conduct by providing specific instructions in some instances. The defendant also sent the minors images of his genitals or pubic area to the minors.

19. The defendant's communications with Minor Victim 1 and 2 were done through the internet or a cellular telephone network using facilities of interstate or foreign commerce and were in or affecting interstate or foreign commerce.

## COUNT 1

**[18 U.S.C. § 2251(a)
Sexual Exploitation of a Child]**

20. On or about June 2, 2016, in the Southern District of Indiana and elsewhere, the defendant, Joshua Shane Duffy, did use, employ, entice, persuade, induce, and coerce a minor, that being, Minor Victim 1, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing or having reason to know that such visual depiction would be transported or shipped in interstate or foreign commerce or mailed, or such visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or such visual depiction was actually transported or shipped in interstate or foreign commerce or mailed.

All of which is a violation of Title 18, United States Code, Section 2251(a).

## COUNT 2

**[18 U.S.C. § 2422(b)
Coercion and Enticement
Minor Victim 1]**

21. Based upon the conduct described in the general allegations, and the resulting visual depictions and communications, between in or about May of 2016 and on or about June 2, 2016, the defendant, Joshua Shane Duffy, did use a facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, and coerce, and attempt to knowingly persuade,

6

induce, entice, and coerce, Minor Victim 1, an individual who has not attained the age of 16 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically, sexual acts with a person under the age of 16 years as defined in Indiana Code 35-42-4-9(a) and sexual exploitation of a child as defined in 18 U.S.C. § 2251(a).

All of which is a violation of 18 U.S.C. § 2422(b).

## COUNT 3

### [18 U.S.C. § 2251(a) Sexual Exploitation of a Child]

22. Based upon the conduct described in the general allegations, in or about August of 2016 in the Southern District of Indiana and elsewhere, the defendant, Joshua Shane Duffy, did use, employ, entice, persuade, induce, and coerce a minor, and attempt to do so, that being, Minor Victim 2, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing or having reason to know that such visual depiction would be transported or shipped in interstate or foreign commerce or mailed, or such visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or such visual depiction was actually transported or shipped in interstate or foreign commerce or mailed.

All of which is a violation of Title 18, United States Code, Section 2251(a).

## COUNT 4

**[18 U.S.C. § 2422(b)
Coercion and Enticement
Minor Victim 2]**

23. Based upon the conduct described in the general allegations, in or about August, 2016, the defendant, Joshua Shane Duffy, did use a facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, and coerce, and attempt to knowingly persuade, induce, entice, and coerce, Minor Victim 2, an individual who has not attained the age of 16 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically, sexual acts with a person under the age of 16 years as defined in Indiana Code 35-42-4-9(a) and sexual exploitation of a child as defined in 18 U.S.C. § 2251(a).

All of which is a violation of 18 U.S.C. § 2422(b).

## COUNT 5

**[18 U.S.C. § 2252(a)(4)(B)
Attempted Possession of Child Pornography]**

24. On or about June 11, 2016, the defendant, Joshua Shane Duffy, did knowingly attempt to possess 1 or more matters which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, and

the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and such visual depiction is of such conduct, that being, Minor Victim 1.

All of which is a violation of 18 U.S.C. § 2252(a)(4)(B).

A TRUE BILL:

███████████████████████████
FOREPERSON

JOSH J. MINKLER
United States Attorney

By: _____
Steven D. DeBrota
Senior Litigation Counsel