UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:16-CR-257-JRS-TAB |
| | ) | |
| JOSHUA SHANE DUFFY, | ) | |
| | ) | |
| Defendant. | ) | |

### PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States

Attorney for the Southern District of Indiana, and Steven D. DeBrota, Senior

Litigation Counsel, ("the Government"), and the Defendant, Joshua Shane

Duffy ("the Defendant"), in person and by counsel, Kenneth Riggins, hereby

inform the Court that a Plea Agreement has been reached in this case pursuant

to Federal Rule of Criminal Procedure 11(c)(1)(C).  The following are its terms

and conditions:

### Guilty Plea and Charges

**1.    Plea of Guilty:**  The Defendant will petition the Court for leave to

enter, and then enter, a plea of guilty to the following offenses charged in the

Indictment:

**A.**    Count 1 charges that the Defendant with sexual exploitation of a

child, in violation of 18 U.S.C. § 2251(a)(Minor Victim 1).

**B.**     Count 4 charges that the Defendant with coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Minor Victim 2).

**2.**     **Count 1: 18 U.S.C. § 2251(a) (Sexual Exploitation of a Child)**

**A.**     **Potential Penalties**:  This offense may be punished by a mandatory minimum term of at least 15 years of imprisonment and a maximum term of up to 30 years, a fine of up to $250,000.00, and a term of supervised release following any term of imprisonment for at least 60 months and up to the life of the Defendant.

**B.**     **Elements of the Offense**:  To sustain this offense, the Government must prove the following propositions to a jury beyond a reasonable doubt:  1) the Defendant did employ, use, entice, persuade, induce, entice, and coerce a minor, that being, **Minor Victim 1**; 2) to engage in any sexually explicit conduct, as such conduct is defined in 18 U.S.C. §2256(2); 3) for the purpose of producing any visual depictions of such conduct; and 4) while knowing or having reasons to know that such visual depictions would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting instate or foreign commerce or mailed; or such visual depictions were produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including a computer, or such visual depictions were

actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

3.   **Count 4: 18 U.S.C. § 2422(b) (Coercion and Enticement)**

A.   **Potential Penalties**:  This offense may be punished by a mandatory minimum term of at least 10 years of imprisonment and a maximum term of up to the life of the Defendant, a fine of up to $250,000, and a term of supervised release following any term of imprisonment for at least 60 months and up to the life of the Defendant.

B.   **Elements of the Offense**: To sustain this offense, the Government must prove the following propositions to a jury beyond a reasonable doubt:  (1) the Defendant used a facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce **Minor Victim 2** to engage in sexual activity; and (2) Minor Victim 2 was less than 16 years of age; and (3) the Defendant believed Minor Victim 2 was less than 18 years of age; and (4) if the sexual activity had occurred, the Defendant would have committed the criminal offense of either (A) sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), or (B) sexual misconduct with a minor, in violation of  IC 35-42-4-9(a)(1)). The Indiana statute in (B) prohibits sexual intercourse or deviate

sexual conduct by a person who is at least 21 years of age with a
child who is 14 or 15 years old.

**3.**     **Dismissal of Counts:**  Following imposition of sentence, the
Government will move to dismiss Counts 2, 3, and 5 of the Indictment.

### General Provisions

**4.**     **18 U.S.C. § 3553(a) and Sentencing Guidelines:**  The Defendant
agrees and understands that should this Court accept this plea agreement, the
Court will sentence him to the specific sentence set forth in **Paragraph 9**,
below.  He agrees and understands that the Court, in deciding whether to
accept or reject the specific sentence set forth in **Paragraph 9**, below, will (A)
consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take
into account the United States Sentencing Guidelines ("Sentencing Guidelines"
or "U.S.S.G.").  He also agrees and understands that the Sentencing Guidelines
are not mandatory or binding on the Court, but are advisory in nature, and
that the final determination concerning the applicable advisory guideline
calculation, criminal history category, and advisory sentencing guideline range
will be made by the Court.

**5.**     **Rule 11(c)(1)(C), Fed.R.Crim.P.:**  The Defendant acknowledges
that this Plea Agreement is governed by Fed.Crim.P 11(c)(1)(C) and that the
specific sentence set forth in **Paragraph 9,** below, is the appropriate disposition
of this cause.  The parties understand that the Court must accept or reject the
sentence specified in this Plea Agreement.  If the Court rejects this Plea
Agreement, then either party may withdraw from this Plea Agreement.  The

Defendant acknowledges that pursuant to Fed.R.Crim.P. 11(c)(3), (4) and (5), if the Court rejects the Plea Agreement, the Court will advise him personally in open court that the Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to then withdraw the Plea Agreement.

**6.     Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the United States Attorney for the Southern District of Indiana.   The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana. The Government will inform the Court and the Defendant at the time of taking the Defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the Defendant.

**7.     No Protection from Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this Plea Agreement shall protect him in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time.  The Defendant further acknowledges and agrees that nothing in this Plea Agreement shall protect him in any way from prosecution for any offense committed after the date of this Plea Agreement.

**8.**     **Rights Under Rule 11(b), Fed.R.Crim.P.:** The Defendant understands that the United States has the right, in a prosecution for perjury or false statement, to use against him any statement that the Defendant gives under oath during the guilty plea colloquy. He also understands that he has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and, (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. He also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. He understands that if the Court accepts this plea of guilty, he waives all of these rights.

### Sentence to be Imposed

**9.**     **Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that the following sentence is the appropriate disposition of this cause:

   **A.**     **Imprisonment:** The Court should sentence the Defendant to a term of imprisonment for a period of **between 20 and 25 years**.

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

Each parties is free to recommend a specific sentence within this range.

**B.**    **Length of Supervised Release**:  The parties understand that a period of supervised release must be ordered for a period of **at least 60 months and of up to the life of the Defendant**.  Each party may present evidence and arguments for a specific period of supervised release in this range, to follow the term of imprisonment.

**C.**    **Extent of Rule 11(c)(1)(C) Agreement:**  The provisions set forth in Paragraph 9, are the only terms of this Plea Agreement subject to the provisions of Fed. R. Crim. P. 11(c)(1)(C).

**10.**    **No further charges**:  If the Court accepts this agreement, and sentences the Defendant according to its terms, then the United States will not file any additional charges relating to the Defendant's presently known criminal conduct.  However, if the Defendant has committed any criminal offenses not disclosed to the Government prior to the signing of this Plea Agreement, then the Government is free to pursue any applicable criminal charges for such conduct.  Also, if the Government determines that the Defendant has distributed any of the child pornography involving Minor Victim 1 or 2 to any other person or entity, then the Government may withdraw from this agreement or bring additional charges relating to such distribution, as the Government deems appropriate.  Finally, if the Defendant later violates his

Waiver of Appeal, then the Government and the Court will not be bound by this agreement.

**11.    Placement**:  The Defendant will request that this Court recommend to the Federal Bureau of Prisons that the Defendant serve any sentence of imprisonment imposed in this case at the location they will provide during the sentencing hearing.  The Defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons.  The Government reserves the right to agree or disagree with the Defendant's requested recommendation after considering such recommendation.

**12.    Programs and/or Treatment**:  The Defendant may also request that this Court recommend to the Federal Bureau of Prisons that the Defendant participate in specific programs or receive specific treatment, while serving any sentence of imprisonment imposed in this case.  The Defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons.  The Government reserved the right to agree or disagree with the Defendant's requested program or treatment recommendation after considering such recommendation.

**13.    Conditions of Supervised Release:**  The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.

### Financial Conditions

**14.   Fine:**  Because of the need to pay restitution, the Government will not ask for a fine.

**15.   Special Assessment:**   The Defendant will pay a total of $200 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

**16.   Restitution:**  The parties understand that federal law requires the payment of restitution to the minor victims in the offenses charged in Counts 1 and 4.

**17.   Minor Victim 1:**  The Defendant understands that the United States has already located and identified this victim in the Southern District of Indiana and that the Defendant sexually exploited her.  The Defendant understands and agrees that he will pay her restitution in the amount of $9,000.

**18.   Minor Victim 2:**  The Defendant understands that the United States has already located and identified this victim in the Southern District of Indiana and that the Defendant coerced and enticed her.  The Defendant understands and agrees that he will pay her restitution in the amount of $9,000.

**19.   Payment Terms:**  The parties understand that the Court will determine the payment terms for any restitution.

**20.** **Other Claims:** Nothing in this agreement prevents any identified or unidentified victim of these offenses from seeking additional restitution if they choose to do so and can demonstrate losses higher than the amount of the agreed restitution. However, at the present time, the United States does not have any such victims presently identified.

**21.** **Obligation to Pay Financial Component of Sentence**: If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the Defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons. The Defendant has a continuing obligation to pay the financial component of the sentence. The Defendant further agrees that as of the date of filing this Plea Agreement the Defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the Defendant's financial disclosures and for use in the collection of any fines, restitution, and money judgments imposed by the Court. The Defendant authorizes the Government to obtain credit reports relating to the Defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The Defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate

Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

**22.** **Forfeiture**: The Defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the Defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States. The Defendant abandons all right, title, and interest the Defendant may have in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity, without further notice or obligation whatsoever owing to the defendant. The Defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency.

**23.** **Consent to Forfeiture**: The Defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this

case and waives any failure by the Court to advise the defendant of this,
pursuant to Rule 11(b)(1)(J), at the time the Defendant's guilty plea is accepted.

**24.    Wavier of Challenges**:  The Defendant further agrees to waive all
constitutional and statutory challenges in any manner (including direct appeal,
habeas corpus, or any other means) to any forfeiture carried out in accordance
with this Plea Agreement on any grounds, including that the forfeiture
constitutes an excessive fine or punishment.

**25.    Forfeited Property:**  The Defendant agrees to forfeit to the United
States all of the personal property or other assets he used in connection with
the offense(s).  These assets were taken from him by law enforcement
authorities during the investigation and presently remain in their custody.
This includes, but is not limited to, all of his cellular phones, digital devices,
and storage media, which he knows are already in law enforcement custody.
He acknowledges that he is fully aware of the precise nature and type of these
items, as listed in Attachment A.

## Factual Basis for Guilty Plea

**26.**    The parties stipulate and agree that the following facts establish a
factual basis for the Defendant's pleas of guilty to the offenses set forth above,
and that the Government would be able to establish the following facts beyond
a reasonable doubt in the event this cause was to proceed to a jury trial.  The
information provided above is only a summary of the Government's evidence
and it reserves the right to present any additional evidence at the time of

sentencing.  This Plea Agreement is not intended to foreclose the presentation of such evidence.

**27.    Indictment Language**:  The Defendant admits that the facts listed in Counts 1 and 4 of the Indictment are true.  The Defendant further admits that the Government could prove these facts to a jury at trial beyond a reasonable doubt.

**28.    Minor Victim 1**:  On June 11, 2016, an adult contacted law enforcement in the Southern District of Indiana.  The adult was the mother of Minor Victim 1, who was then 15-years old.

**29.**    The mother stated that she found a video on Minor Victim 1's cell phone showing an adult male engaged in sexually explicit conduct with Minor Victim 1.  The video was filmed in a room at Minor Victim's home in the Southern District of Indiana using a cellular phone.

**30.**    Minor Victim 1 told her mother that the male in the video was named "Shane".

**31.**    The mother gave consent for law enforcement to examine the cellular phone.  Later investigation determined that this cellular phone was manufactured outside Indiana.

**32.**    Det. Grant Melton of the Indianapolis Metropolitan Police Department digital forensic unit conducted of forensic examination of Minor Victim 1's cell phone.  The phone contained text messages that included communications between Minor Victim 1 and an adult male.

**33.**   One message included the following statement by Minor Victim 1: "I'll do anything to make it up to you. Please stop!", "No.. Take me back. Beat me. Do anything. Don't come I've there *here."

**34.**   Det Melton's examination showed an SMS message thread between Minor Victim 1 and an adult male using the number 765-XXX-XXXX.  During the conversation late on June 1 continuing in the early hours of June, 2 2016, 2016, adult male threatened that he is going to call the mother of Minor Victim 1 or come to her residence and tell her everything.

**35.**   Minor Victim 1 begged him not to call her mother and promised to do anything the person wanted to do, saying, ""I'll do anything to make it up to you. Please stop!", "No.. Take me back. Beat me. Do anything. Don't come I've there *here". "I'll take the pain, I'll obey. Just don't get me in trouble please.."

**36.**   The adult male stated "and when I get there guess what...ur gonna get ur ass beat then fucked"

**37.**   As the adult male drove to the residence, he stated: "remember what to do before I sneak in right". Minor victim 1 responded, "Yes, set up my phone?".

**38.**   The adult male responded "yea facing the couch and hit record before i come in and be wearing what I asked u to" and "ok go ahead set up ur phone make sure it's at a good Angle. hit record and come to the widow".

**39.**   Minor Victim 1 responded "Okay" on June 2, 2016 at 12:48:22 hrs (UTC-4).

**40.**     On June 2, 2016, at 12:49:00hrs (UTC -4), the cellular phone of Minor Victim 1 recorded a video for 41 minutes and 31 seconds.

**41.**     FBI TFO Darin Odier reviewed the video and observed an adult male engaging in multiple sex acts with Minor Victim 1, including oral and vaginal intercourse.  Both persons are readily identifiable.

**42.**     On June 2, 2016, the adult male sent a sms message that read, "shaneduffy4@gmail.com" and asked "did you send it".  This message was sent after the video noted above was produced.

**43.**     Minor Victim 1 responded: "This is stupid… If I'm gonna email this to you I'd have to send you like 5 clips because it's too long".

**44.**     The adult male then stated: "just send em in clips then" and" I wanted to watch before bed".

**45.**     A few minutes later, Minor Victim 1 sent 5 emails with attachments to the adult male at his email address "shaneduffy4@gmail.com".

**46.**     During a later interview with law enforcement, Minor Victim 1 stated that she sent the video of herself and "Shane" engaged in sexually explicit conduct to an email address he provided her.  These were sent in multiple emails.  She sent the video at his request.  She stated that the main video was split into separate parts to make it small enough to send through email attachments.

**47.**     From a photo array, Minor Victim 1 identified Duffy as the person she knew as "Shane".

**48.**    "Shane" was identified as the Defendant, **Joshua Shane Duffy,** with a date of birth in 1986.

**49.**    Open source images of Duffy showed multiple tattoo's that matched the tattoos of the adult male in the above-described video.

**50.**    FBI TFO Odier also determined that the facial images from the BMV and open source records showed the same person, Duffy, as the male in the above-described video.

**51.**    TFO Odier learned from another law enforcement officer that Duffy resided in Upland, Indiana.

**52.**    The sexual activity in the video between Duffy and Minor Victim 1 was a violation the Indiana Code provision criminalizing sexual misconduct with a minor, Indiana Code 35-42-4-9.  This statute prohibited sexual intercourse, other sexual conduct, and / or touching or fondling with the intent to arouse or satisfy sexual desires, between a person who is at least 18 years of age and a child who is 14 or 15 years old.

**53.    Minor Victim 2**:  TFO Odier also learned of another investigation involving Duffy.

**54.**    In August, 2016, a 14-year old female (Minor Victim 2) met an adult male online, who was later identified as Duffy.  They met on a cellular phone application named "Whisper".

**55.**    During a forensic interview, Minor Victim 2 disclosed that on multiple occasions, she secretly left her home and met Duffy at his insistance.

Duffy arranged these meetings by communications with the girl through their cellular phone applications.

**56.**   On at least two occasions, Duffy and Minor Victim 2 engaged in sexual acts at his request.

**57.**   Minor Victim 2 told Duffy she was 14 years old and a freshman in high school.

**58.**   Sexual activity between Duffy and Minor Victim 2 during these meetings also constituted a violation the Indiana Code provision criminalizing sexual misconduct with a minor.

**59.**   Minor Victim 2 stated that she used Snapchat and Kik to send unclothed pictures and videos of herself to Duffy.  She did this because he told her to do so.

**60.**   Minor Victim 2 stated Duffy told her to put her fingers inside herself in the videos she sent to him.  Minor Victim 2 said she sent videos of herself doing this to Duffy through Snapchat.  Based upon her description of the content of these videos, they would constitute a visual depiction of a minor engaging in sexually explicit conduct.  However, these images were not recovered during the investigation.

**61.**   Minor Victim 2 stated that Duffy's online user name for Snapchat, KIK and Instagram was JoshD2411.

**62.**   From a photo array, Minor Victim 2 identified Duffy as the person she knew as "Shane".

**63.** During a non-custodial interview with law enforcement, Joshua Shane Duffy indicated his whisper user name was "Deanwinters22".

**64.** **Interstate or Foreign Commerce**: TFO Odier knows that the email and social networking accounts listed below are facilities of interstate or foreign commerce.  Also, engaging in the listed activity through these accounts is in or affecting interstate or foreign commerce.  Finally, the cellular phone system is a facility of interstate or foreign commerce, and the phones used to access such system are manufactured outside the state of Indiana.

### Other Conditions

**65.** **Background Information:** The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence.  The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**66.** **Compliance with Federal and State Laws:** The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

### Sentencing Guidelines

**67.** **Guideline Computations:** The parties reserve the right to present evidence and argument concerning the appropriate advisory Sentencing

Guideline range for these offenses.  The parties have discussed this computation, but have not agreed upon the advisory calculation.  They agree that the Court will make this determination.

**68.    Acceptance of Responsibility:**  To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.  Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, and the Defendant's agreement to cooperate in and not to contest the forfeiture of the property described above, the Government agrees that the Defendant should receive a two (2) level reduction *provided* the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing.  The Defendant timely notified the Government of Defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.  After the Defendant enters a plea of guilty, the government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level.  The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

## Waiver of Right to Appeal

**69.    Direct Appeal:**  The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and

in exchange for the concessions made by the Government in this Plea Agreement, the Defendant agrees that in the event the Court accepts this Rule 11(c)(1)(C) plea provided for in this Plea Agreement and sentences the Defendant consistent with this agreement, regardless of the Defendant's criminal history category or how the sentence is calculated by the Court, then the defendant expressly waives the Defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine or restitution.

**70.**   **Later Legal Challenges:**  Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the Defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the Defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the Defendant seek to appeal an adverse ruling of the

district court on such a motion, the Government may claim that this waiver bars such an appeal. As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

**71.     No Appeal of Supervised Release Term and Conditions**: The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Potential Civil Commitment and Sex Offender Registry

**72.     Potential Civil Commitment:** The Defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, he faces potential civil commitment as a sexually dangerous person following the expiration of his term of imprisonment. He understands that any potential civil commitment would be the subject of a separate civil proceeding. He further understands that no one, including his attorney or the Court, can predict with certainty the effect of his conviction on such a civil commitment determination or the likelihood that civil commitment would be imposed. He understands that civil commitment can be imposed for an indefinite period of time. He nevertheless affirms that he wants to plead guilty regardless of any potential civil commitment consequences that his plea may entail.

**73.** **Sex Offender Registration:** The Defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. § 16913, et seq.

## Presentence Investigation Report

**74.** The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**75.** The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the government at any time, including prior to entry of a formal plea of guilty.

## Immigration Consequences

**76.** The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the Defendant is pleading guilty. The Defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one,

including the Defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the Defendant's removal from the United States.

## **Statement of the Defendant**

**77.**   By signing this document, the Defendant acknowledges the following:

**A.**   I have received a copy of the Indictment and have read and discussed it with my attorney.  I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment in open Court, and all further proceedings including my arraignment.

**B.**   I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters.  My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**C.**   I have read the entire Plea Agreement and discussed it with my attorney.

**D.**   I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**E.**   Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty". I am prepared to accept any punishment permitted by law which the Court may see fit to impose. However, I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**F.**   I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**G.**   I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**H.** I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crimes to which I am entering my plea.

**I.** I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**J.** My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**K.** My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

**L.** No trial date of this case has been scheduled. However, I request that any such date be continued to permit the Court to consider

this proposed guilty plea agreement.  I further understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 13:  Certificate of Counsel

**78.**   By signing this document, the Defendant's attorney and counselor certify as follows:

**A.**   I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

**B.**   To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

**C.**   The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with our advice to the Defendant;

**D.**   In my opinion, the Defendant's waiver of all reading of the Indictment in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily

and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

**E.** In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

## **Final Provision**

**79.** **Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty. This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and the Criminal Division of the United States Department of Justice, and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

11/6/18
DATE

for Steven D. DeBrota
Steven D. DeBrota
Senior Litigation Counsel

11/6/18
DATE

for Tiffany J. Preston
Tiffany J. Preston
Assistant United States Attorney

11/6/2018
DATE

Joshua Shane Duffy
Defendant

6 Nov 2018
DATE

Kenneth Riggins
Counsel for Defendant